UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      v.                                                                     CR NO. 07-75M-01 (JMF)

**WALTER RAFEAL VELIZ,**

      **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. Based on information provided by several cooperating witnesses (herein referred to as CW-1 and CW-2), it is known that the defendant was supplied large amounts of cocaine by Jose Raul Sandoval, a large-scale distributor operating in the Washington metropolitan area. The leader of the organization, which operated in Guatemala, Florida, Maryland, and Washington, DC is Jose Napoleon Villagran-Solis.

2. Sandoval received regular shipments of cocaine from Villagran either via a courier who would drive up from Florida with the cocaine or via Villagran

associates in California who would send shipments by Federal Express.

3. On July 11, 2005, Sandoval received a shipment of 17 pounds of cocaine from California via Federal Express.

4. On July 18, 2005, Sandoval received 4 kilograms of cocaine from Florida via a courier. The cocaine was concealed in the wooden poles of a hammock.

5. On July 19, 2005, Sandoval received a shipment of 15 pounds of cocaine from California via Federal Express.

6. On July 20, 2005, Sandoval sold the defendant 500 grams of cocaine for $10,000 in cash. The sale took place on Apache Street in Adelphi, Maryland. Sandaval arrived in a Honda Accord and parked. Later, a Dodge Magnum pulled up to the Accord and parked next to it. Sandoval got out of the Accord with a package in his hand, entered the Magnum, and then a few minutes later returned to the Accord. The transaction was observed by CW-1.

7. That same day, CW-2 met with Sandoval and CW-2. CW-2 purchased 314 grams of cocaine from Sandoval for $5,500 in cash. The cocaine was transferred from Sandoval to CW-2 in a Federal Express box and the transaction was observed by the Metropolitan Police Department. In return for arranging the sale, Sandoval paid CW-1 $300 in cash.

8. On July 24, 2005, Sandoval sold Veliz a kilogram of cocaine for $10,000 in cash. Although $10,000 is the price for $500 grams of cocaine, Sandoval fronted Veliz the remainder of the cocaine. Six phone calls were made between Sandoval and Veliz from 1:05 p.m. and 3:40 p.m. on that day.

9. On July 26, 2005, Sandoval sold Veliz a kilogram of cocaine for $19,000 in cash. The transaction occurred as it had in the past on Apache Street in Adelphi, Maryland. Seven phone calls were made between Sandoval and Veliz from 4:48 p.m. and 5:57 p.m. on that day.

10. On July 27, 2005, Sandoval received a Federal Express package from Norma Estrada in California. The package contained two kilograms of cocaine.

11. On July 31, 2005, Sandoval met with a courier from Florida. The courier gave him nine large candles, in which were concealed four grams of cocaine.

12. On August 9, 2005, the police intercepted a Federal Express package that had been sent from California to Sandoval. The package contained 1952 grams of cocaine.

13. On August 16, 2005, at 4:47 p.m., Sandoval and Veliz met on Apache Street in Adelphi, Maryland. Four phone calls were made between Sandoval and Veliz from 4:21 p.m. and 4:39 p.m. on that day.

14. From September 9, 2005 to September 26, 2005, Sandoval's telephone calls were intercepted. Numerous conversations took place regarding the planning, purchasing and selling of cocaine.

15. Veliz was arrested on February 28, 2007 at 4:10 p.m. in his apartment at 9224 Edwards Way, #3102 in Adelphi, Maryland. The following items were located in plain view and seized:

   a. one Charles Daly 12 guage shotgun loaded with six rounds

   b. one 9 mm Taurus pistol loaded with nine rounds

      c.      two 9 mm rounds

      d.      two scales

      e.      sandwich bags and baking soda

      f.      one safe

16. Ingrid Veronica Martinez, Veliz's girlfriend, was also in the apartment when Veliz was arrested. She indicated that she lived in the apartment with Veliz and had for the previous year. She consented to an additional search of the apartment, which yielded the following items:

      a.      one Colt Anaconda .45 revolver loaded with six rounds

      b.      one Glock .45 magazine loaded with thirteen rounds.

      c.      one Glock model 22 - .40 pistol loaded with fifteen rounds

      d.      one Glock model 21 - .45 pistol loaded with thirteen rounds

      e.      one Rossi .357 revolver loaded with six rounds

      f.      one Taurus 9 mm magazine loaded with nine rounds

      g.      two glass bowls

17. Martinez told police that she had seen Veliz use the glass bowls to cook a tan rock-like substance in the microwave.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The Statutory Standard**

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

   a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

   b. Past conduct, history relating to drug or alcohol abuse;

   c. Criminal history;

   d. Record concerning appearance at court proceedings;

   e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or


completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charges involves immense quantities of cocaine.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant claims that he was born in Guatamala but is now a US citizen. This information could not be verified prior to the detention hearing. The defendant is single and has no children. He lives with brother(s), his mother, sister(s), and his stepfather. He has been in the Washington, DC area for thirteen years. The defendant is single and has no children. He is employed by a local construction company and has been for the past thirty months. He has completed eleven years of education.

**The weight of the evidence.** The weight of the evidence is extremely strong. The defendant's drug purchases have been observed on numerous occasions by two cooperating witnesses. In addition, the police intercepted numerous telephone calls between the defendant and Sandoval, his supplier. Finally, the items seized from his apartment, including numerous guns, ammunition, and the materials used for the processing and packaging of cocaine, all

suggest defendant's ongoing involvement in a large-scale narcotics ring.

**History relating to drug or alcohol abuse.** No information is available as to this factor.

**Record concerning appearance at court proceedings and prior criminal record.** On January 28, 2003 in Maryland, the defendant received a sentenced to twenty-four months confinement with eighteen months suspended and three years of probation for possession with the intent to distribute a controlled dangerous substance. Probation in this case closed on August 4, 2006.

On April 7, 2003 in Maryland, the defendant received a suspended sentenced to eighteen months confinement and one year of probation for theft over $500.

On October 31, 2006 in Maryland, the defendant received a $145 fine for speeding.

On January 10, 2007 in Maryland, the defendant received a $140 fine and $35 in court costs for driving on a highway with a suspended registration.

Currently pending against the defendant is a federal charge for possession of a firearm by a convicted felon. No court dates are currently set in this matter but the defendant's probation officer indicated that he had been compliant with the terms of his supervised release prior to his arrest in the current matter but that now the probation officer would be seeking a revocation of his probation.

**Whether on probation or parole at the time of the present offense.** The defendant was on pretrial release at this time of the present offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. Two cooperating witnesses gave detailed information about the

defendant's involvement in a conspiracy to distribute cocaine, which had ties to individuals in Guatemala, Florida, California, and the Washington metropolitan area. The police have intercepted numerous phone calls between the defendant and his supplier and have observed numerous drug purchases made by the defendant. When the defendant was arrested in his home the police seized eight high-powered weapons, ammunition, and equipment needed to process and distribute the cocaine. Moreover, the defendant was on pre-trial release when arrested. The defendant proffered little more than the fact of his lifelong residency in the District of Columbia and his current employment to rebut the presumption of his dangerousness created by the Bail Reform Act. I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community and will order the defendant detained without bond pending trial.

\_\_\_\_/S/_____
**JOHN M. FACCIOLA**
**March 12, 2007**                                    **UNITED STATES MAGISTRATE JUDGE**